IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| GENETEC INC. | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) |
| | ) Case No. _____ |
| HAWK TECHNOLOGY SYSTEMS, LLC | ) |
| | ) |
|       Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Genetec Inc. ("Genetec") brings this action for declaratory judgment against Hawk Technology Systems, LLC ("Hawk"). Genetec seeks, among other things, declaratory judgment of non-infringement of U.S. Patent No. RE43,462 (the "'462 patent"), that certain claims of the '462 patent are invalid, and that Genetec has intervening rights with respect to the '462 patent. Genetec alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for declaratory judgment of non-infringement and invalidity of and intervening rights with respect to the '462 patent.

### THE PARTIES

2.    Plaintiff Genetec is a Canadian corporation having a principal place of business at 2280 Alfred-Nobel Blvd., Suite 400, Saint-Laurent, Quebec, Canada H4S 2A4. Genetec is engaged in the business of, among other things, designing and selling world-class IP security solutions encompassing video surveillance, license plate recognition, and access control.

3.    Genetec is a leader in unified IP security solutions. Genetec was incorporated as a software research and development company in 1997. In or around 1999, Genetec pioneered

ATI-2585332v1

the first IP video management software. Genetec's security solutions are deployed throughout industries such as city-wide surveillance, education, gaming, law enforcement, parking enforcement, retail, and transportation.

4. Genetec was one of the first companies to offer IP video surveillance. Its video management system, marketed as Omnicast, provides flexibility for organizations of all sizes to deploy video surveillance systems at their places of business. Genetec has been making, using, selling, and marketing Omnicast since 1999.

5. Upon information and belief, Defendant Hawk is a Florida limited liability company with a principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

6. Upon information and belief, Hawk was formed in 2012 and its business is directed to owning and enforcing the '462 patent in litigation.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

8. Hawk is subject to personal jurisdiction in this judicial district because Hawk resides in this district, has purposefully availed itself of the privilege of doing business in this judicial district, transacts business in this district, and has sufficient minimum contacts with Florida to render the exercise of jurisdiction over Hawk compatible with due process.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c), as well as 28 U.S.C. § 1400(b), as Hawk resides in this district and/or wrongful acts as alleged herein have occurred in this district.

**THE PATENT AT ISSUE**

10. U.S. Patent No. 5,625,410 issued on April 29, 1997. On April 28, 1999, a reissue application of U.S. Patent No. 5,625,410 was filed.

11. As part of the reissue application, the patentees declared that "our issued patent is at least partially inoperative or invalid in that we claim less than we had the right to claim."

12. During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of U.S. Patent No. 5,625,410 and also added new claims.

13. On June 12, 2012, U.S. Patent No. 5,625,410 was reissued as the '462 patent. (*See* Exhibit 1, attached hereto.) The '462 patent is entitled "Video Monitoring and Conferencing System." The '462 patent identifies the alleged inventors as Kinya Washino and Barry H. Schwab.

**HAWK'S ACTIVITIES**

14. Hawk claims to be the owner by assignment of the '462 patent.

15. Upon information and belief, Hawk does not receive any profit from its alleged ownership of the '462 patent without obtaining licensing fees from other entities.

16. In 2013, Hawk has brought at least ten (10) suits for infringement of the '462 patent. Hawk has brought suits primarily in this district, but also in the Middle District of Florida and the Eastern District of Texas. Five (5) of Hawk's patent infringement suits have been filed within the last two months.

17. At least one infringement suit – against BJ's Wholesale Club, Inc. ("BJ's") (Case No. 1:13-cv-22291 (S.D. Fla. Jun. 27, 2013)) – was brought against a user of Genetec's video surveillance product, Omnicast. Upon information and belief, Hawk did not notify BJ's of its alleged infringement before the suit was filed.

18. BJ's is listed as a customer on Genetec's website. Genetec further provides information about its services to BJ's as part of a case study that also can be found on Genetec's website. Upon information and belief, Hawk learned about BJ's from Genetec's website.

19. During the course of its litigation with BJ's, Hawk provided BJ's with a detailed claim chart that described element-by-element Hawk's allegations of infringement of three (3) independent claims of the '462 patent, claims 1, 12, and 15. A true and correct copy of this claim chart is attached hereto as Exhibit 2.

20. The claim chart is titled "HAWK '462 Claim Chart – Users of Genetec Omnicast Software." A footer on each page of the document states "Hawk – '462 Claim Chart – Genetec Omnicast Security Center__2013_06_02.doc."

21. There is no mention of BJ's anywhere in the 18 page claim chart.

22. The chart is broken down into four columns: "Independent Claim No. X"; "Hawk USP RE43,462 E"; "Product Disclosure"; and "Comments & Reference." (*See* Exhibit 2.)

23. In nearly every row of the claim chart, Genetec's Omnicast video surveillance software is listed and described in the "Product Disclosure" column.

24. Before each recitation of Genetec's Omnicast product description in the "Product Disclosure" column, Hawk uses the term "Practiced," indicating that users of Genetec's Omnicast video surveillance software are alleged to practice the identified element of the patent claim. (*See* Exhibit 2.)

25. In nearly every row of the claim chart, Genetec's Omnicast video surveillance software is referenced in the "Comments and Reference" column.

26. In addition, in nearly every row of the claim chart, urls are provided to Genetec's website, including Omnicast software product sheets and brochures.

27. Diagrams from the Genetec website describing Omnicast's functionality are also included within the "Comments & Reference" column of the claim charts. (*See* Exhibit 2.)

28. Hawk identifies Genetec's Omnicast software product in nearly every element of every independent claim in Hawk's claim chart. No other company's products are mentioned by name or reference in the chart. No other company's brochures, information, or websites are referenced in the chart. *See* Exhibit 2.

29. Hawk's repeated identification of Genetec's Omnicast software indicates that Hawk considers Omnicast to be a material component of the alleged infringement of the '462 patent by "Users of Genetec Omnicast Software" and that Genetec is at a minimum inducing and/or contributing to the '462 patent's infringement through the sale of its Omnicast video surveillance software.

30. Since shortly after claiming ownership rights, Hawk has employed an aggressive litigation strategy with respect to the enforcement of the '462 patent against perceived infringers.

31. Upon information and belief, Hawk will initiate suit against Genetec for patent infringement. Upon information and belief, Hawk will continue to initiate suits against users of Genetec's software for patent infringement.

32. Unless enjoined, Hawk's actions against Genetec and its customers threaten irreparable harm for which there is no adequate remedy of law.

33. Based on the foregoing, there is a substantial and justiciable controversy between Genetec and Hawk that warrants declaratory judgment.

## COUNT ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '462 PATENT

34. Genetec repeats and realleges paragraphs 1-33 as if fully set forth herein.

35. Hawk claims to be the owner of all legal rights, title, and interest in the '462 patent, including the right to enforce the '462 patent.

36. Hawk provided an infringement claim chart to a user of Genetec software that it has sued for patent infringement. The claim charts allege that use of Genetec's video surveillance software, Omnicast, in conjunction with standard, unidentified computer systems and hardware, infringes the '462 patent.

37. Hawk's claim chart specifically identifies and references Genetec's Omnicast software as practicing essential elements of the '462 patent's claims. Hawk reinforces this assertion through repeated references to Genetec's website and Omnicast's product brochures and data sheets.

38. Hawk's assertions in its claim chart indicate Hawk believes Genetec is liable for, at a minimum, inducing and/or contributory infringement of the '462 patent.

39. The products provided by Genetec to its customers and utilized by its customers, including Omnicast, do not infringe, either directly, indirectly, or contributorily, any valid claim of the '462 patent.

40. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41. An actual and justiciable controversy exists between Genetec and Hawk as to whether the '462 patent is infringed by Genetec. A judicial declaration is necessary and appropriate so that Genetec may ascertain its rights regarding the '462 patent.

42. Genetec is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT TWO – DECLARATORY JUDGMENT OF
INVALIDITY OF THE '462 PATENT**

43.     Genetec repeats and realleges paragraphs 1-42 as if fully set forth herein.

44.     Genetec contends that one or more claims of the '462 patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to § 101, 102, 103, and/or 112.

45.     As one example, at least claims 1 and 15 of the '462 patent are invalid under 35 U.S.C. § 112(b) for indefiniteness because they each recite at least one means-plus-function claim element for which no corresponding structure is sufficiently disclosed in the '462 patent specification in accordance with 35 U.S.C. § 112(f).

46.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     An actual and justiciable controversy exists between Genetec and Hawk with respect to whether the '462 patent is invalid.  A judicial declaration is necessary and appropriate so that Genetec may ascertain its rights regarding the '462 patent.

48.     Genetec is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT THREE – DECLARATORY JUDGMENT OF
INTERVENING RIGHTS**

49.     Genetec repeats and realleges paragraphs 1-48 as if fully set forth herein.

50.     As of June 12, 2012, when the '462 patent was reissued, Genetec had invested 15 years of effort to develop its security center software products, including 13 years in the

development of Omnicast.  Genetec has grown as a startup company in 1997 to a company with over 500 employees and many tens of millions of dollars in sales.

51. Each of the original claims of the '462 patent were amended during reissue.

52. Each of the amended and new claims of the '462 patent are not substantially identical to the claims of the patent as originally issued.

53. Genetec is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

54. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. An actual and justiciable controversy exists between Genetec and Hawk with respect to whether Genetec has absolute and/or equitable intervening rights.  A judicial declaration is necessary and appropriate so that Genetec may ascertain its rights.

56. Genetec is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Genetec Inc. respectfully requests the following relief:

(a) A declaration that Genetec has not and is not infringing, either directly, indirectly, or contributorily, any valid claim of the '462 patent, as requested by Count I of this action;

(b) A declaration that the '462 patent is invalid and unenforceable, as requested by Count II of this action;

(c) A declaration that Genetec has intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 patent, as requested by Count III of this action;

(d) An award of all damages, including special damages, provable at trial;

(e) An order enjoining Hawk, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement or instituting any action for infringement of the '462 patent against Genetec and/or any of Genetec's customers or downstream users of Genetec's products;

(f) An order declaring that Genetec is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Genetec its costs, including attorneys' fees, in connection with this action; and

(g) Such other relief as the Court may deem just and proper.

## JURY DEMAND

Genetec hereby demands a trial by jury on all issues so triable.

Dated:  November 21, 2013

                                                  */s/ Johanna Oliver Rousseaux*
Johanna Oliver Rousseaux
jorousseaux@jonesday.com
Florida Bar No. 598321
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 1580
Miami, FL 33131
Tel: 305-521-1750
Fax: 305-372-1798

Michael Stoer
mstoer@jonesday.com
Florida Bar No. 0094321
Geoffrey Gavin (*pro hac vice to be filed*)
ggavin@jonesday.com
J. Jason Williams (*pro hac vice to be filed*)
jjwilliams@jonesday.com
JONES DAY
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053
Tel: 404-521-3939
Fax: 404-581-8330

ATTORNEYS FOR PLAINTIFF
GENETEC INC